UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Fabiola Is Ra El Bey,
        Plaintiff(s)

vs

HON. BARBARA BELLIS, Judge
HON. ALFRED J. JENNINGS, Judge
Trial Referee
HON. ANTHONY D. TRUGLIA JR,
Judge
HON. BETHANY J. ALVORD,  Judge
HON. DOUGLAS S. LAVINE, Judge
HON. WILLIAM H. BRIGHT, JR,
Judge
John & Jane Does (1-100) et al.

        Defendant(s)
----------------------------------------------X

Case#: 3:19cv336 (KAD)

**FILED**

2019 MAR -7 P 3: 51

US DISTRICT COURT
BRIDGEPORT CT

CIVIL ACTION COMPLAINT

**JURY TRIAL DEMANDED**

March 7, 2019.

## VERIFIED COMPLAINT

Plaintiff Fabiola Is Ra El Bey, hereby submits this complaint against Defendants, and support thereof states as follows:

## STATEMENT OF THE CASE

This action arises from a nearly ten year old state foreclosure action in the state of Connecticut where in an effort to foreclose Plaintiff's interest in private property, the Defendants who are judicial officer operating under color of state law in the state of Connecticut, through the arbitrary exercise of government power has violated Plaintiff's equal rights, civil rights and the constitutional due process rights to a fair trial and a fair appellate review, through ongoing acts of discrimination against Plaintiff based on Plaintiff's race, nationality and religion; culminating with the fact that in order to prevent Plaintiff from obtaining remedy for the violation of Plaintiff's federal rights through the state appellate process with an eventual path of review in the United States Supreme

1

Court, not only was Plaintiff's right to an automatic appellate stay from judgment of strict foreclosure terminated, but all of Plaintiff's right to a future stay from all future judgments or order that could possibly arise were in a single instance, from a single judgment arbitrarily terminated, without due process, remedy or safeguards to any appealable issue that may arise in the future, which if not reversed before the passing of the law days will result in the unjustified or erroneous deprivation of Plaintiff's private property through the arbitrary exercise of state government power.

Plaintiff tried to remedy the violation of Plaintiff's federal rights to a fair trial and a fair review by filing applications and motions to the Appellate and Supreme Courts. However, the Appellate and Supreme Courts of Connecticut failed to remedy the situation and have condoned the ongoing violations of Plaintiff's federal rights. Therefore, although Plaintiff has taken the steps to secure an appeal in the state court and has filed an appellate brief, the appeal will become moot because the fact that all of Plaintiff's future automatic stays have been terminated means that as soon as the law days are reset, which they are scheduled to be reset on Monday March 11, 2019, title to the underlying property will pass to the foreclosing entity once the law days are expired, thus mooting the appeal and extinguishing all of Plaintiff's rights and ability to remedy the violation of Plaintiff's federal rights and which will lead to the unjustified deprivation of Plaintiff's property, in violation of the 14th Amendment of the US Constitution. As a result, Plaintiff files this action in hopes of preventing the erroneous or unjustified taking of Plaintiff's property by the arbitrary means, by having Plaintiff's federal rights restored and protected.

On January 4, 2019, Plaintiff removed the foreclosure action to federal court due to the ongoing constitutional and civil rights violations, but the action was remanded back to state court.  The appeal of that decision is currently before the Second Circuit Court of Appeals.  However, though there was a temporary stay in place for ten days granted by the district court, a further temporary extension of that stay was denied in the Second Circuit but the motion to stay was referred to a three judge panel in the Second Circuit for a final decision.  Because the Second Circuit has not yet made its final ruling on the motion to stay the district court's remand order until after the appeal is final, there is nothing preventing the remanded foreclosure case from moving forward on Monday March 11, 2019, to reset the law days which would moot the Second Circuit appeal and extinguish all of Plaintiff's federal rights.  Therefore, in further attempt to secure Plaintiff's federal rights to a fair a trial and a fair review and to prevent the unjustified or erroneous deprivation of Plaintiff's private property through the arbitrary exercise of the powers of the state government Plaintiff files this instant complaint.

## **PARTIES**

1. Plaintiff Fabiola Is Ra El Bey is a Defendant in a foreclosure case before the state Courthouse at Bridgeport Connecticut and currently on appeal.

2. Defendant Barbara Bellis is a presiding judge at the Courthouse at Bridgeport, Connecticut.

3. Defendant Alfred Jennings is a judge trial referee at the Courthouse at Bridgeport Connecticut.

4. Defendant Anthony D. Truglia jr based on information on belief is a judge currently at the Courthouse at Stamford Norwalk.

5.  Defendant Alfred Jennings is a judge trial referee at the Courthouse at Bridgeport Connecticut.

6.  Defendant Bethany J. Alvord is a state of Connecticut appellate court judge .

7.  Defendant Douglas S. Lavine is a state of Connecticut appellate court judge.

8.  Defendant William H. Bright, Jr is a state of Connecticut appellate court judge .

9.  Defendant John and Jane Does (1-100) includes any and all Supreme Court Justice(s) who ruled on Plaintiff's Writ of Prohibition and/or for Mandamus.  Plaintiff tried to obtain that information but so far has been unsuccessful.

## JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 USC § 1331 as this matter involves claims arising under federal law, thereby invoking this court's federal question jurisdiction.

11. Venue lies in the District of Connecticut as all of the acts and events complained of herein took place in Connecticut.


## FACTS

12. Plaintiff has been a foreclosure Defendant in the state court of Connecticut since August 2009.  On February 26, 2018 judgment of strict foreclosure entered against Plaintiff.

13. Pursuant to Connecticut Practice Book 61-11a, proceedings to enforce or carry out a judgment including a judgment of strict foreclosure are supposed to be automatically stayed until the time to file an appeal has expired.

14. However, pursuant to Connecticut Practice Book 61-11(d), Termination Of Stay, the automatic stay from a judgment may be sought in accordance with subsection § 61-

11 (e); and if the judge who tried the case is of the opinion that (1) an extension to appeal is sought, or the appeal is filed, only for delay or (2) the due administration of justice so requires, the judge may at any time, upon motion or sua sponte, order that the stay be terminated after holding a hearing on the matter.

15. Under Practice Book 61-11e, there are two ways in which a party can file motions to terminate the automatic stay.  The first way is to file the motion to terminate stay prospectively, meaning before judgment is entered, but the motion will be decided at the time judgment is rendered.  And the second way is after an appeal is filed.  In the subject foreclosure case, the foreclosing entity filed a motion to terminate the automatic stay from judgment of strict foreclosure prospectively.

16. The prospective termination of stay, which was the method used in the subject foreclosure case, is not being interpreted by the Defendants as limited to the single judgment of strict foreclosure originally appealed from by the Plaintiff, but is being interpreted as applicable prospectively to terminate all possible future stays that could arise in the foreclosure action.

17. As a result, though there were subsequent appealable issues which arose in the foreclosure case after the initial judgment of strict foreclosure, Plaintiff have been deprived of the right to have a subsequent appellate stay in place regarding these subsequent issues.

18. This result is an unjustified or erroneous deprivation of Plaintiff's right to an appeal and to a future appeal and means one of two things: (1) either Practice Book 61-11(e) is unconstitutional and violates the Due Process Clause of the 14th Amendment to the US Constitution because it grants authority to the state court to

prospectively terminate all of Plaintiff's rights to a future appellate stay from a single judgment, without further notice, hearing or safeguards to any future appealable issue that may arise or; (2) the interpretation by the state court Defendants that the state court has authority to prospectively terminate all of Plaintiff's future appellate stay from the ruling on a single matter or judgment without any safeguards in place to a future appellate issue that may arise violates the Due Process Clause under the 14th Amendment to the Constitution of the United States.  Both of these possible outcomes are challenged by this lawsuit.

19. Connected to and inseparable from the issue of Plaintiff losing the right to an automatic stay for all future appeals and sought to be redressed by this lawsuit is the deprivation of Plaintiff's federal rights to a fair trial and to a fair appellate review through the arbitrary exercise of judicial power and unconstitutional means where the Superior Court Defendants deprived Plaintiff: (1) of the right to a scheduled foreclosure trial, (2) the right to subpoena witnesses at the scheduled foreclosure which was arbitrarily taken away from Plaintiff by the presiding judge Defendant Barbara Bellis, (3) the right to have those witnesses subpoenaed at the rescheduled trial which was changed to a Short Calendar hearing and (4) the right to have notice and a meaningful opportunity to be heard regarding outstanding motions that had a bearing on Plaintiff's ability to respond to judgment of strict foreclosure, motion to terminate appellate stay and motion for equitable relief.

20. The presiding judge Defendant Barbara Bellis, directly participated in and/or created a custom under which unconstitutional practices occurred or continued where she controlled the assignment of civil cases to herself or to other judges including the

other two Superior Court Defendants judges Jennings and Truglia and Defendant

Bellis conspired with or otherwise directed Defendant Jennings and Truglia to

deprive Plaintiff of her constitutional rights to a fair hearing and a fair appellate

review in order to unjustifiably or erroneously deprive Plaintiff of her private property

interest.

21. In the foreclosure case Defendant Bellis violated Defendant's right to due process,

both substantive and procedural as well as violated the equal protection clause and

Plaintiff's civil rights.  Defendant Bellis had sua sponte ruled that the foreclosure

case should be on docket management and not the Short Calendar.  Once the case

came under docket management, this meant that all motions filed and every

procedure involved in the case would be overseen by Defendant Bellis and would no

longer be decided through the Short Calendar process.

22.  However, Defendant Bellis who had racial animus towards Plaintiff and wrongfully

yelled at Plaintiff for "rolling her eyes" and even threatened to jail Plaintiff if Plaintiff

filed motions she did not like in defense of the foreclosure action, conspired with or

otherwise gave directive to her subordinate judges, Jennings and Truglia to rule

against Plaintiff manipulated the type of foreclosure procedure from a trial to a

hearing and manipulated the timing of the rulings on outstanding motions where

Defendant Jennings issue rulings on the outstanding motions on the eve of the a

strict foreclosure hearing, to deprive Plaintiff of the right to sufficiently determine how

the rulings affected Plaintiff's property interest and to deprive Plaintiff of the

necessary steps Plaintiff needed to take to prevent the deprivation of Plaintiff's

property interest.  These actions by the Superior Court Defendants prejudiced

Plaintiff's ability to defend against the rulings of Defendant Jennings and Truglia, and contribute to the ongoing deprivation of Plaintiff's rights to due process and equal protection under the law.

23. On January 30, 2018, Defendant Bellis had set a date for a foreclosure trial before Defendant Bellis on February 28, 2018.  However, at a February 15, 2018 status conference set to address *inter alia* an outstanding pending motion to substitute filed by the foreclosing entity raising a standing issue to have itself substituted and a motion to dismiss filed by Plaintiff in response to the standing issue by the foreclosing entity, Defendant Bellis although trial was scheduled thirteen (13) days away from the February 15, 2018 status conference, did not rule on the motions as the parties thought she was going to do and were prepared to argue but instead, reassigned the motions to substitute and to dismiss to Defendant Jennings after Defendant Bellis had already taken the motions off the short calendar before Defendant Jennings to be presented before herself at the February 15, 2018 hearing.

24. On February 15, 2018, Defendant Bellis was to hear arguments on the motion to dismiss which carried oral argument as a right and there was a request to also argue the motion to substitute.  However, Defendant Bellis after looking at the case and realizing that Plaintiff had filed to subpoena witnesses for the February 28, 2018 trial, in the event the motions to substitute and the motion to dismiss were ruled in favor of the foreclosing entity, violated Plaintiffs right to equal protection under the law and violated Plaintiff's substantive and procedural rights to due process by rescheduling the set foreclosure trial on February 28, 2019 as a motion for strict foreclosure

hearing to be heard as a write in matter on the February 26, 2018, foreclosure short calendar, two days earlier than the previously scheduled trial and which she forbade under the Docket Management Program, in order to prevent Plaintiff from being able to call witnesses at trial. .

25. Moreover, even though Defendant Bellis was no longer going to be the judge deciding the motion to substitute, she violated Plaintiff's right to due process when she deprived Plaintiff of the right to request for oral argument on the motion to substitute where she arbitrarily denied the request for oral argument where according to the rules of Practice the request to argue a non-arguable matter can only be ruled on by the judge ruling on the matter.

26. Furthermore, Defendant Bellis deprived Defendant of oral argument as a right on the motion to dismiss, even though Plaintiff was clear that Plaintiff will not be waiving that right and even though Defendant Bellis assigned the motion to dismiss to Defendant Jennings  Additionally, at the February 15, 2018  hearing, Defendant Bellis ordered Plaintiff to respond to the foreclosing entity's motions for equitable relief, motion for judgment of strict foreclosure and object to Plaintiff's motion to terminate stay, which could have only be done in a meaningful way in accordance with due process, after the ruling on the motion to substitute and the motion to dismiss were decided, as the issues to be decided involved the court's authority to hear the case and there was a question of who the foreclosing entity would be.

27. Furthermore, when Plaintiff inquired about the subpoenas, Defendant Bellis stated that the subpoenas would be ruled on in a timely manner to give Plaintiff adequate time to have them issued to the changed Short Calendar date of February 26, 2018,

instead of the February 28, 2016 deadline they were requested for when originally filed.

28. In further violation of Defendant's rights to due process, procedural and/or substantive and equal protection under the law, Barbara Bellis directly participated in and/or was grossly negligent in managing Defendant Jennings and Truglia and/or exhibited gross negligence and/or deliberate indifference to the constitutional rights of Plaintiff by having actual or constructive notice of the fact that Defendant Jennings on the eve of the Monday February 26, 2018 deadline on Thursday, February 22 had still not ruled on the motions to substitute and to dismiss although she had ordered that Plaintiff object to the motion for strict foreclosure, for equitable relief and the motion to terminate appellate stay before the February 26, 2018 deadline and that Plaintiff had filed for a subpoena which Defendant Bellis stated would be ruled on in time for the February 26, 2018 hearing and that it was going to be too late for the Plaintiff to object to these motions in a meaningful manner because Plaintiff had no notice of who the Plaintiff was going to be because the ruling on the motion to substitute was not yet decided and Plaintiff had no notice of whether the court had subject matter jurisdiction based on the ruling on the motion to dismiss and there was only one day left to file objections before the Monday February 26, 2018 hearing; and that there was no ruling on the application for subpoenas which should have been issued in a timely manner before the Monday February 26, 2018 hearing but she failed to act on the Motion For Continuance in order to prevent these unconstitutional deprivations, violations, practices or occurrence.

29. In fact, although Plaintiff filed a Motion For Continuance through the caseflow in accordance with Defendant Bellis' Docket Management Process and not through the Clerks office to be placed on the Short Calendar, which was presented to Defendant Bellis, Defendant Bellis did not rule on the motion which directly caused the deprivation and violation of Plaintiff's constitutional rights to due process and equal protection, which judge Bellis could have directly prevented had she only ruled on the motion for continuance.

30. Defendant Bellis' refusal and failure to act on the Motion For Continuance and her previous order that Plaintiff object to the aforementioned motions before the Monday February strict foreclosure hearing, forced Plaintiff through the coercive authority of the state judiciary to object to motion for strict foreclosure, motion to terminate the automatic stay and motion for equitable relief without Plaintiff having notice of whether the Superior Court had subject matter jurisdiction as raised by both parties in two different motions (to substitute and to dismiss) and without knowing who the foreclosing entity was going to be because the motion to substitute was not yet ruled on.

31. Therefore, in filing a written objection to the aforementioned motions Plaintiff was deprived of a meaningful opportunity to be heard because Plaintiff had no knowledge of what the real issues were or what they would be once the court ruled on the motion to dismiss and motion to substitute.  Further, Defendants Jennings and Bellis purposefully, intentionally and intentionally deprived Plaintiff of the right to have witnesses because the subpoenas were never issued in a timely manner so Plaintiff could have them served upon the witnesses.

11

32. Plaintiff was not aware at the time but apparently Defendant Bellis also gave Defendant Jennings the subpoenas to rule on.  Here again Plaintiff was denied equal protection under the law and denied substantive and/or procedural due process because the rulings on the motion to substitute and the motion to dismiss were not issued until late Friday February 23, 2018 near the close of the court at or around the same time Plaintiff was already at the court filing the forced objections. This is certainly not the way others in foreclosure cases are treated by judge Bellis and Jennings.

33. Moreover, as proof of the deliberate act to deny Plaintiff of Plaintiff's constitutional rights to due process, the ruling granting the subpoenas were not posted until after the February 26, 2018 hearing of the strict foreclosure on the short calendar.  As a result, Plaintiff was unconstitutionally deprived of the right to have witnesses at the Short Calendar hearing in violation of substantive and/or procedural due process and was denied equal protection under the laws in relation to others who request subpoenas for a pending matter.

34. Moreover, in denying Plaintiff's motion to open judgment which was based on the fact that though Defendant Jennings' late issued ruling on the motion to substitute denied the motion to substitute, Defendant Jennings ruled alternatively that the foreclosure action could be maintained in the name of the foreclosing entity, and that this ruling caused the standing defects in the pleadings to remain because the ruling to maintain the action in the name of the foreclosing entity did not relate back to correct the standing defect of the foreclosing entity that commenced the action and

that as a result, the Superior court lacked subject matter jurisdiction; Defendant

Jennings denied the motion to open judgment ruling in relevant part:

"The Motion to Open Judgment and Extend Law Day is also denied as offensive to
the doctrine of finality of judgments. A final Judgment of Strict Foreclosure entered in
this case on February 26, 2018. The Supreme Court has held that"[o]nce a
judgement [is]rendered it is to be considered final and it should be left undisturbed
by post-trial motions except for good and compelling reasons. . . . Otherwise, there
might never be an end to litigation......*she failed to raise the issue of the joint
affidavit before Judge Truglia at the judgment hearing on February 26, 2018.*"

35. This is proof that the conduct of Defendant Jennings, Truglia and Bellis where they

directly and intentionally manipulated the scheduling and timing of the ruling on the

motion to substitute and the motion to dismiss, and in denying the motion for

continuance and moving forward with the strict foreclosure hearing, deprived Plaintiff

of the due process which affected the outcome of the litigation where Plaintiff was

not given notice and a meaningful opportunity to be heard and was not given notice

and a meaningful opportunity to properly and fully object to judgment of strict

foreclosure in a meaningful manner because Plaintiff's objection was forced to be

filed before the outstanding motions were decided, unlike others similarly situated.

36. Moreover, the appellate court panel judges, Defendants, Bethany J. Alvord,

Douglas S. Lavine, William H. Bright, Jr participated in the violation of Plaintiff's

rights to due process and equal protection under the law because the appellate court

panel failed to remedy the wrong of the termination of all of Plaintiff's future

automatic stays after learning of the violation, or created a policy or custom under

which the termination of Plaintiff's future stays not yet pending were terminated, or

allowed such a practice to continue or was grossly negligent in supervising the trial

court who terminated Plaintiff's future appellate stay and who was attempting to

reset the law day and actually did reset the law days on the claim that Plaintiff's future appellate stays were terminated or exhibited "gross negligence" or "deliberate indifference" to the constitutional rights of Plaintiff by having actual or constructive notice of the termination of Plaintiff's future appellate stay being cut off while deciding the Motion For Review and/or on a Motion For Supervisory order and was aware of the trial court Defendant Jennings attempt to reset the law days based on a claim that all of Plaintiff's future appellate stays were terminated but failed to act.

37. Under Connecticut procedure once a motion to terminate appellate stay is granted a party's sole remedy is to file a Motion For Review with the appellate court.  In ruling on the Motion For Review, the Appellate Court Defendants granted the motion but denied the relief sought.  The decision to deny the relief sought meant that although a motion to dismiss Plaintiff's original appeal on the grounds that the appeal was taken solely for delay and was frivolous, although denied by the Appellate Court Defendants, was not fully protected by the appellate process because the stay that would have been necessary to be in place to have the appeal heard was terminated.

38. Furthermore, the fact that all future appellate stays were terminated meant that the appeal was meaningless.  Further, the termination of all of Plaintiff's future appellate stay dangerously opened the door where the trial court was free to arbitrarily make any ruling it so choose against Plaintiff in any manner of its own choosing erroneous or not because Plaintiff was no longer fully protected by the state appellate process and because there were no protections in place to prevent the law days from running and mooting the appeal.  This situation is an ongoing event.

39. Furthermore, the Appellate Court has supervisory authority over the trial court on appeal and can order a stay of any ancillary proceeding in the trial court that affects Plaintiff's appeal.  Therefore, because Plaintiff had not realized that all of Plaintiff's future appellate stays were terminated Plaintiff filed a motion for supervisory order to stay the ancillary proceeding to reset the law day while Plaintiff's amended appeal from the independent motion to open judgment of strict foreclosure was pending. However, Defendant Alvord subsequently denied Plaintiff's motion for supervisory order asking the appellate court under its supervisory powers to stay the trial court proceeding to reset the law day while the appeal from the Motion To Open Judgment, which under Connecticut law is a separate judgment from the initial appeal from judgment of strict foreclosure, was pending.

40. Moreover, the entire Connecticut Supreme Court or an individual Jane or John Doe justice was/were also personally involved in the unconstitutional violation against Plaintiff where, said Defendant(s) failed to remedy the constitutional violations including that of Defendant Bellis after learning of the violation or was grossly negligent in managing the subordinate judges who caused the unlawful violations of Plaintiff's constitutional rights and/or exhibited "gross negligence" or "deliberate indifference" to the constitutional rights of Plaintiff by having actual or constructive notice of the unconstitutional practices and failing to act.  The Plaintiff made the Supreme Court aware of the violation of Plaintiff's constitutional right through the filing of Writ of Prohibition and/or Mandamus with the Connecticut Supreme Court informing the state Supreme Court of the constitutional violations including those of Defendant Bellis.

41. However, the entire Supreme court or the John and or Jane Doe Defendant(s) of the state Supreme Court who were responsible to rule on the writ failed and/or refused to act in a timely manner before Defendant Jennings ruled on the motion to reset law days on September 24, 2018.  Thus, Defendant Jennings as noted in his ruling continued with the violation of Plaintiff's constitutional rights as neither the Appellate Court nor Supreme Court Defendants ordered that he should have done otherwise. The Supreme Court denied the Writ in January 2019.

42. All of the Defendants herein are/were acting under the color of state law.

## 1. **1983 Claim**

### a. **FIRST CAUSE OF ACTION** **Violation of Procedural Due Process Against Anthony Truglia**

43. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

44. In the state of Connecticut the trial court is only granted authority in accordance with Practice Book Rule 61-11e to terminate pending automatic appellate stays from a final judgment.  Practice Book 61-11g states the procedure that must be followed in order to prevent the automatic appellate stay from arising from any further final judgments.

45. Therefore the termination of all of Plaintiff's future automatic stays not yet pending before the state court at the time the termination of stay was granted is a continuous and ongoing deprivation of Plaintiff's right to due process under Amendments the 5 and 14 of United States Constitution.  This violation of the Plaintiff's right to

procedural due process was committed by Anthony Truglia while acting under color
of state law as a judge.

b. **SECOND CAUSE OF ACTION**
   **Violation of Substantive Due Process by Anthony Truglia**

46. Plaintiff repeats and alleges each and every allegation set forth in the above
    paragraphs with the same force and effect as if completely set forth herein at length.

47. Defendant Truglia's decision to terminate all of Plaintiff's future automatic appellate
    stay not yet pending before the court was done arbitrarily in violation of Plaintiff's
    right to substantive due process under Amendments 5 and 14 to the United States
    Constitution because Defendant Truglia terminated all of Plaintiff's future automatic
    appellate stay without any authority in violation of Practice Book 61-11e and 61-11g,
    which provides the only two ways a party's right to an automatic stay from
    foreclosure can be terminated and which limits the automatic stay to be terminated
    to a pending automatic stay.

48. Further, in the foreclosure case the foreclosing entity only asked to terminate the
    pending automatic appellate stay from strict foreclosure in its motion and although
    the trial court is allowed to raise the issue of termination of a pending automatic stay
    sua sponte, Defendant Truglia never did so.  In addition, at the hearing held
    regarding the termination of Plaintiff's automatic stay from the order of strict
    foreclosure, there was no discussion regarding the termination of all of Plaintiff's
    future automatic stays, only a hearing regarding terminating the pending automatic
    stay from judgment of strict foreclosure.  The decision to terminate all of Plaintiff's

appellate stay was arbitrary and was an act done beyond the authority of Defendant Truglia.

49. Furthermore, even if the foreclosing entity had requested a termination of all future automatic stays and Plaintiff was given notice and an opportunity to be heard on the request, Defendant Truglia's decision is still shocking and egregious because the decision to terminate all of Plaintiff's future automatic appellate stay offends the concept of ordered liberty because it means that any future harm or error committed by the Superior Court against the Plaintiff in the foreclosure case is no longer subjected to appellate review as required under Connecticut law, which is both shocking to the conscience and is outrageous because by terminating all of Plaintiff's future appellate stays it means that Plaintiff and Plaintiff's property rights and interest are left to the absolute power and absolute discretion of the trial court which the trial court arbitrarily usurped to itself.

50. As a result, the trial court is now free to do absolutely whatsoever it wants to do to Plaintiff or to absolutely make any adverse order it wants to against Plaintiff's property rights and interest knowing that the trial court's actions will never be reviewed regardless of the conduct because even if Plaintiff appeals, because the automatic stay is terminated, the law days would run in the foreclosure action and title would then pass to the foreclosure entity before an appeal could become final and the appeal would therefore become moot and be dismissed.  That the Plaintiff should be deprived and disposed of Plaintiff's property interest in such an unjustifiable or erroneous manner is not only outrageous and shocking to the conscience but is also repugnant to the concept of liberty and justice in this country.

51. In fact, this is what occurred in the foreclosure case where after Plaintiff timely filed a motion to open judgment of strict foreclosure, within the appellate period of the judgment of strict foreclosure and which is a separate judgment under Connecticut law, the trial court denied the motion by erroneously applying the doctrine of the finality of judgment, essentially stating that the motion was untimely filed after the four months' limitation under CGS 52-212a, time to open a judgment (which is not even applicable to judgment of strict foreclosure) and thus subjected to the finality of judgments.

52. However, because all of Plaintiff's future automatic appellate stays are terminated without recourse or any safeguards to redress a bona fide reason to appeal in the future, which is ongoing, Plaintiff will never have a fully protected appeal which guarantees the completion of the appeal of this erroneous order, which is not only outrageous and shocking to the conscience but is also repugnant to the concept of liberty and justice in this country.

### c. THIRD CAUSE OF ACTION
### Violation of Procedural Due Process Against Alfred Jennings

53. Plaintiff repeat and allege each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

54. The resetting of law days by Defendant Jennings during Plaintiff's pending appeal of his decision to deny Plaintiff's Motion To Open is an ongoing deprivation of Plaintiff's right to procedural due process under the Constitution of the United States Amendments 5 and 14, because Practice Book § 61-11 is clear that unless the judge who tired the matter is unavailable, only the judge who tried the matter being appealed can terminate the automatic stay arising from that matter.

55. Here, the matter being appealed was the motion to open judgment and extend law days which is a separate independent judgment from the initial appeal of judgment of strict foreclosure and the judge who tried the matter was Defendant Jennings. Defendant Jennings never terminated the automatic stay that arose from his decision denying Plaintiff's Motion To Open Judgment.

56.      Rather than terminate the automatic stay through the procedures set forth in Practice Book 61-11e, Defendant Jennings acting under color of state law violated Plaintiff's right to due process under the 5th and 14th Amendments to the United States Constitution and reentered  law days without terminating the automatic stay on a claim that Defendant Truglia who did not try or preside over the Motion To Open Judgment and Extend Law Days had already terminated Plaintiff's right to an automatic stay from all future matters.

### d. FOURTH  CAUSE OF ACTION
### Violation of Substantive Due Process by  Alfred Jennings

57. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

58. Judge Jennings' decision to reenter law days without going through the termination of stay process mandated by Practice Book 61-11e and 61-11g which provides the only two ways a parties right to an automatic stay from foreclosure can be terminated and which limits the automatic stay to be terminated to a pending automatic stay, is an ongoing violation of Plaintiff's federal rights which was done arbitrarily and without any authority in violation of the 5th and 14th Amendments to the United States Constitution.

59. Furthermore, this act is egregious and outrageous because Defendant Jennings reentry of the laws days without going through the proper procedure to terminate Plaintiff's automatic appellate stay, where he was the judge that tried the matter, arbitrarily deprived Defendant of the right to have an automatic appellate stay after his ruling on Plaintiff's Motion To Open Judgment and Extend Law Days which means that the laws days will run and Plaintiff will arbitrarily lose title to property without Defendant Jennings' ruling on the Motion To Open ever being reviewed because the running of the law days would moot and terminate Plaintiff's entire appeal.

60. That Defendant Jennings can order Plaintiff's property to be taken without the possibility of his order denying Defendant's Motion To Open being reviewed by a motion for review or an appeal as required under the laws and rules of Connecticut, a judicial foreclosure state, is shocking and outrageous.


### e. **FIFTH CAUSE OF ACTION**
### **Violation of Equal Protection Clause by  judge Barbara Bellis**

61. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

62. Defendant Bellis' decisions to move the scheduled trial on February 28, 2018 to a strict foreclosure hearing on February 26, 2018 after she had already decided that no further motion in the foreclosure case was to be heard on the Short Calendar hearing was done purposefully with the intent to inhibit or punish the exercise of

21

Plaintiff's right to due process procedural and/or substantive under the 5th and 14th Amendments to the Constitution, was done in bad faith to cause injury to the Plaintiff and was also done on account of Plaintiff's race and religion because the foreclosure trial was rescheduled as a strict foreclosure Short Calendar hearing in order to prevent Plaintiff from obtaining subpoenas Plaintiff had applied for to compel witnesses to testify in aid of Plaintiff's defense at the scheduled February 28, 2018 foreclosure trial and to maliciously prejudice Plaintiff's attempt to defend the foreclosure.

63.  In this regard, Defendant Bellis intentionally and purposefully treated Plaintiff differently from others similarly situated that appear before her for pretrial status conferences and Defendant Bellis had no rational basis for the difference in treatment where she rescheduled the trial to a strict foreclosure Short Calendar hearing, especially where as here the time difference between the foreclosure trial scheduled for February 28, 2018 and the Short Calendar strict foreclosure hearing on February 26, 2018 a mere two days and where she knew Plaintiff had already filed for subpoenas.  Therefore, the act of rescheduling the foreclosure trial to a Short Calendar hearing in order to prevent Plaintiff from being able to subpoena witnesses for trial was a violation of the Equal Protection Clause under the 14th Amendment to the US Consitution.  This action by judge Bellis is an ongoing deprivation of Plaintiff's federal rights until and unless the issue is reviewed on appeal.

      f.  **SIXTH CAUSE OF ACTION**
         **Violation of Procedural Due Process by judge Bellis**

64. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

65. The Plaintiff in the state foreclosure action has a property interest that the foreclosing entity is seeking to foreclose.  Defendant Bellis acting under color of law as a presiding judge in the Bridgeport Connecticut Courthouse personally caused Plaintiff to be deprived of Plaintiff's property interest without a constitutionally adequate process, which was tainted with fundamental procedural irregularity because of the way she purposefully and intentionally manipulated and rescheduled outstanding motions that needed to be ruled on and the way she rescheduled the set trial to an earlier date and condensed the times for rulings to be made on outstanding motions and applications for subpoenas in relation to the time Plaintiff was expected to attend the Short Calendar hearing and that Plaintiff was expected to object to outstanding motions.

66. Further Defendant Bellis deprived Defendant of the right to have a hearing on the Motion To Substitute and deprived Plaintiff of oral argument as a right on Plaintiff's Motion To Dismiss.

67. Moreover, Defendant Bellis was made aware through a motion for continuance filed on Thursday February 22, 2018 that the subpoenas were still not issued, that Defendant Jennings to whom she had assigned both the motion to dismiss and the motion to substitute, which needed to be ruled on before Plaintiff could properly object to motion for strict foreclosure and other outstanding motions , still had not made any ruling four days before the strict foreclosure hearing newly set for Monday February 26, 2018, with Saturday and Sunday accounting for two of the four days.

68. However, judge Bellis failed to act on the motion for continuance and allowed the strict foreclosure hearing to go forward which forced Plaintiff to object to both the motion for judgment of strict foreclosure and the motion to terminate Plaintiff's appellate stay without a meaningful opportunity to be heard on the objection because Plaintiff was forced to write the objections without any notice of the rulings on the motion to dismiss and the motion to substitute and had no knowledge of whether the court had subject matter jurisdiction, who the Plaintiff was going to be if the motion to substitute was granted and had no knowledge of what substantive issues would arise, if any, upon the ruling of the two aforementioned outstanding motions.

69. Furthermore, Plaintiff was forced to participate in the strict foreclosure hearing without any witness testimony as the subpoenas were never issued or made available until after judgment of strict foreclosure had already entered.  As it turns out Defendant Jennings denied the motion to substitute but ruled alternatively that the action could be maintained by an assignee whose assignment was executed during a bankruptcy stay.

70. However, Plaintiff had no notice of any of these facts at the time the written objection was filed and had no meaningful opportunity to be heard at the Short Calendar hearing because of the inadequacy of the procedure employed by judge Bellis which caused Plaintiff's objection to be filed before these rulings.

71. In fact, in denying Defendant's motion to open which was based on Defendant Jennings' ruling on Plaintiff's motion to substitute, Defendant Jennings noted that Plaintiff failed to raise the issue of the defect that was caused in the pleadings by his

decision to allow the action to be maintained, before judgment was granted. However, Plaintiff had no adequate notice and meaningful opportunity to be heard because Defendant Jennings' order was made after Plaintiff had already objected. This action by judge Bellis is an ongoing deprivation of Plaintiff's federal rights until and unless the issue is reviewed on appeal.

g. **SEVENTH CAUSE OF ACTION**
**Violation of Substantive Due Process by judge Bellis**

72. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

73. The Plaintiff in the state foreclosure action has a property interest in having a fair trial.  Defendant Bellis acting under color of law as the presiding judge personally caused Plaintiff to be deprived of  that property interest without a constitutionally adequate process, which was tainted with fundamental procedural irregularity because of the way Defendant Bellis purposefully and intentionally manipulated and rescheduled outstanding motions that needed to be ruled on and the way Defendant Bellis rescheduled the set trial to an earlier date and condensed the times for rulings to be made on outstanding motions and applications for subpoenas in relation to the time Plaintiff was expected to attend the Short Calendar hearing and object to the motion for judgment of strict foreclosure.

74. Moreover, under the rules of practice Plaintiff have the right to subpoena witnesses for trial.  Therefore, in anticipation of the set February 28, 2018 foreclosure trial Plaintiff filed three applications to subpoena witnesses.  However, judge Bellis purposefully deprived Plaintiff of the right to call witnesses to trial by rescheduling

the foreclosure trial set for February 28, 2006 as a Short Calendar hearing two days earlier on February 26, 2018.

75. These intentional conducts by judge Bellis were egregious, outrageous and shocking to the conscience because the conducts prejudiced Plaintiff's ability to properly defend the foreclosure and deprived Plaintiff of the right to have witnesses present in a timely fashion in aid of Plaintiff's defense at the Short Calendar hearing.  With the foreclosure trial scheduled two days prior to the rescheduled Short Calendar Hearing and with subpoenas already filed for, along with outstanding motions that needed to be ruled on, there was no rational basis for judge Bellis decisions.

76. Further, the two subpoenas that were issued, were issued before the February 28, 2018 date originally set for trial which would have made the witnesses available for trial.  In addition, although the order granting the subpoenas was made on Friday February 23, 2018, the order was purposefully not issued until after judgment of strict foreclosure was already entered at the Short Calendar hearing on February 26, 2018, which is also outrageous and shocking to the conscience. This action by judge Bellis is an ongoing deprivation of Plaintiff's federal rights until and unless the issue is reviewed on appeal.

### h. **EIGHTH CAUSE OF ACTION**
   **Conspiracy To Interfere With Civil Rights Obstruction Of Justice (1985)**
   **by Defendants Bellis, Jennings and Truglia**

77. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

78. The act of depriving Plaintiff of due process to respond to any ruling on outstanding motions, depriving Plaintiff of the right to witnesses, deprivation of a foreclosure trial and depriving of Plaintiff's right to future automatic stays on appeal was a conspiracy between Defendants Bellis, Jennings and Truglia done for the purpose of depriving Plaintiff based on Plaintiff's race and religion of the right to a fair trial which was a violation of the equal protection of the laws or of equal privileges and immunities under the laws.

79. All three of the Superior Court Defendants were aware before the Short Calendar hearing there were outstanding motions not yet ruled on in a timely manner to give Plaintiff notice and a meaningful opportunity to be heard at judgment for strict foreclosure.

80. All three Superior Court Defendant were aware that Plaintiff had a trial date originally set for February 28, 2018 and all three Defendants were aware that Plaintiff had issued subpoenas for witnesses for the trial. Furthermore, all three Defendant judges were that the trial date of February 28, 2018 was rescheduled to a February 26, 2018, Short Calendar write on. And all three Defendants were aware that if the subpoenas were not issued before the Short Calendar hearing Plaintiff would not have been able to have witnesses appear at the foreclosure hearing.

81. Despite awareness of the foregoing because the three Superior Court Defendants were in conspiracy to interfere with Plaintiff's civil rights and objecting justice, the Defendants acted in furtherance of the conspiracy where the foreclosure trial was changed to a Short Calendar write on, outstanding judicial decisions on the motions to dismiss and substitute were delayed to ensure that Plaintiff would not be able to

act, prepare or respond to any decisions made on these motions before the rescheduled Short Calendar hearing, and the issuance of the subpoenas were delayed until after the rescheduled strict foreclosure Short Calendar hearing was held. Furthermore, there was a delay and eventual denying of Plaintiff's Motion For Continuance due to the fact that the rulings and the subpoenas had been delayed too close to the Short Calendar which deprived Defendant of notice of the rulings and a meaningful opportunity to be heard and deprived Plaintiff of the right to call witnesses.  And to cover up their conspiracy coconspirator Truglia terminated all of Plaintiff's future appellate stay to deny Plaintiff any review of the actions by the co-conspirators.

82. As a result of these acts by the coconspirators, Plaintiff was deprived of the right to a fair hearing by having witnesses at the Strict Foreclosure Short Calendar Hearing, was deprived of a foreclosure trial and was deprived of the right to be fully protected by the Connecticut appellate process on any future automatic appellate stay which are ongoing violations of Plaintiff's federal rights, where although Plaintiff has timely filed an appeal and briefed the matter, Plaintiff being deprived of the right to an automatic stay faces the resetting of the law days on Monday March 11, 2019, which means that there is a certainty that Plaintiff will suffer a future injury of losing the underlying property to the foreclosing entity based on a deprivation of Plaintiff's federal rights.

    i.  **NINTH CAUSE OF ACTION**
       **Violation of Substantive and Procedural Due Process by the appellate court panel judges, Bethany J. Alvord,  Douglas S. Lavine, William H. Bright, Jr**

83. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

84. The appellate court panel judges, Bethany J. Alvord,  Douglas S. Lavine, William H. Bright, Jr collectively and/or individually participated in the violation of Plaintiff's rights to equal protection under the law and to due process both substantive and procedural because the appellate court panel judges (1) failed to remedy the wrongs after learning that Plaintiff's rights were violated by the Superior court Defendants and after learning that Defendant Truglia had terminated all of Plaintiff's future appellate stay and that the foreclosing entity was seeking to rest law days which would have led to an unjustified or erroneous deprivation of Plaintiff's property and/or (2) created a policy or custom under which the termination of Plaintiff's future stay not yet pending was acceptable, or allowed such a practice to continue and/or (3) was grossly negligent in supervising the trial court who terminated Plaintiff's future automatic stays and reset law days and/or (4) exhibited "gross negligence" or "deliberate indifference" to the constitutional rights of Plaintiff by having actual or constructive notice of the termination of Plaintiff's future  automatic stays and approved this unconstitutional conduct. By refusing to prevent and approving the arbitrary deprivation of Plaintiff's right to a future appellate stay to remain the Appellate Court Defendants have engaged in an ongoing act of deprivation and violation of Plaintiff's federal rights.

### j.  TENTH CAUSE OF ACTION
### Violation of Substantive and Procedural Due Process by the Supreme Court Justices as John and/or Jane Doe

85. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

86. Moreover, the Supreme Court justices collectively or individually as Jane or John Doe(s) justice are also personally involved in the unconstitutional violation against Plaintiff where, they participated in the violation of Plaintiff's rights to equal protection under the law and Plaintiff's right to due process both substantive and procedural because the justice(s), (1) failed to remedy the wrongs after learning that Plaintiff's federal rights were violated by the Superior Court Defendants and after learning that the Defendant Truglia had terminated all of Plaintiff's appellate stay and that the foreclosing entity was seeking to rest law days which would have led to an unjustified or erroneous deprivation of Plaintiff's property and that the appellate court had uphold the termination of all of Plaintiff's future appellate stays and/or (2) created a policy or custom under which the termination of Plaintiff's future stay not yet pending was acceptable, or allowed such a practice to continue and/or (3) was grossly negligent in supervising the trial court who terminated Plaintiff's future automatic stays and the appellate court Defendants who approved the trial court's decision to terminate all of Plaintiff's future appellate stay and/or (4) exhibited "gross negligence" or "deliberate indifference" to the constitutional rights of Plaintiff by having actual or constructive notice of the termination of Plaintiff's future automatic stays and approved this unconstitutional conduct when the Supreme Court Defendant(s) denied Plaintiff's application for a writ of Prohibition and/or Mandamus.

87. By neglecting to prevent the arbitrary deprivation of Plaintiff's right to a future appellate stay to remain the Supreme Court Defendants have engaged in an ongoing act of deprivation and violation of Plaintiff's federal rights.

### k. ELEVENTH CAUSE OF ACTION
### Violation of Equal Protection Under the Laws by Defendants  Alvord, Lavine, Bright, Jr, Truglia and Jennings

88. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

89. Defendants  Alvord,  Lavine, Bright, Jr, Truglia and Jennings violated the Equal Protection Clause under the US Constitution  in this action when they terminated all of Plaintiff's right to a future appeal where Plaintiff has never had a previous appeal heard on the merits of the action.

90. Although, there is no authority granting the state court the right to terminate future appellate stays, in cases where future stays are terminated the litigants in those cases had already had previous appeals and in some cases numerous appeals on the merits.  Therefore, the termination of Plaintiff's future appeal where Plaintiff has never had an appeal decided or filed on the merits of the case is a violation of the Equal Protection Clause under the 14th Amendment of the Constitution of the United States because Plaintiff was treated differently from others similarly situated who did not have multiple appeals filed on the merits of a foreclosure case and the act of terminating all of Plaintiff's future appellate stay was done with intent to inhibit or punish Plaintiff's exercise of due process under the appellate procedures of the state

of Connecticut and was done with the malicious or bad faith intent to injury Plaintiff in obtaining a review.

91. Furthermore, the act of treating Plaintiff differently from other similarly situated is ongoing because Defendant Jennings has already reset the law days once and the law days are scheduled to be reset once again o Monday March 11, 2019. Additionally, the appellate court Defendants continue to treat Plaintiff differently where, each and every motion filed to obtain the record on review like asking the trial court to submit a final ruling under Practice Book 64-1(b) were all denied on Motion For Review and though other parties are granted multiple extensions of time to file an appellate brief, Plaintiff was only given one single final extension.

92. Moreover, although Plaintiff removed the foreclosure case to federal court, the appellate court Defendants have ruled that Plaintiff must reply to the foreclosing entity's Appellee Brief that was intentionally filed after the case was removed to federal court and during the time period where it was not yet officially remanded back to state court.  Therefore, the ongoing deprivation and violation of Plaintiff's equal protection rights under the US Constitution is fluid and ongoing.

 

I. **TWELFTH CAUSE OF ACTION**
**NEGLECT TO PREVENT (1986) Defendants Alvord, Lavine, Bright, and John and Jane Doe Defendants of the Connecticut Supreme Court**

93. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

94. The Supreme and the Appellate Courts Defendants had actual knowledge of the conspiracy under 1985 by Defendants Bellis, Truglia and Jennings as detailed

above.  The Defendants had the power to prevent or the power to aid in preventing the conspiracy by either issuing the requested writs, by allowing Plaintiff to obtain an appellate review of the conduct of the coconspirators, with an appeal fully protected by an appellate stay or to make any other rulings that the Supreme court Defendants found equitable just and fair.  However, the Defendants neglected or refused to prevent the 1985 conspiracy and denied the writ.  Furthermore, the wrongful acts committed by the coconspirators including the act to deprive Plaintiff of the statutory right of an appellate review of their conduct are ongoing.

### RELIEF SOUGHT COUNTS I-12

Wherefore, there being no declaratory judgment available and no adequate remedy available at law Plaintiff seeks the following equitable relief:

(1) Preliminary injunction barring the state court action from moving forward or any judgment therefrom taking effect until after this case is decided.

(2) Reinstatement of Plaintiff's future automatic appellate stays

(3) Reinstatement of Plaintiff's oral argument on Motion To Dismiss

(4) Reinstatement of the right to have the judge hearing the motion to substitute decide whether that judge will allow oral argument

(5) Reinstatement of Plaintiff's Foreclosure Trial

(6) Reinstatement of Plaintiff's Right to Call Witnesses for Foreclosure trial.

(7) Such other and further relief as this court may deem just and proper.

m. **THIRTEENTH CAUSE OF ACTION**
   **Declaration That Practice Book 61-11e is unconstitutional**

95. Plaintiff repeats and alleges each and every allegation set forth in the above paragraphs with the same force and effect as if completely set forth herein at length.

33

96. Connecticut Practice Book Section 61-11e is being interpreted by the State Court Judicial Defendants as granting the Superior Court the authority to prospectively terminate all future automatic appellate stays in civil cases from a single judgment or ruling as done in the subject foreclosure case.

97. However, to the extent § 61-11e grants the state court the authority to terminate all of Plaintiff's future appellate stay prospectively from a single judgment, § 61-11e is unconstitutional because there are no procedural safeguards under § 61-11e to address appealable good faith issues that may arise in the future in connection with the foreclosure case as is the case in the subject foreclosure case, where though Plaintiff filed a motion to open judgment, the denial of which under Connecticut law is a separate judgment from the original judgment of strict foreclosure and from which should have arisen a separate appellate stay under Practice Book § 61-11a, it was ruled in the subject foreclosure case that that no automatic appellate stay arose under § 61-11a from the denial of Plaintiff's motion to open judgment because all of Plaintiff's future appellate stays were already terminated at the time the motion for termination of stay was granted from the single judgment of strict foreclosure. This being the case, Plaintiff challenges Practice Book § 61-11e as unconstitutional because it deprives Plaintiff of the right to due process.

## **RELIEF SOUGHT COUNT 13**

Wherefore there being no adequate remedy at law Plaintiff seeks the following equitable relief:

(1) Declaratory judgment that Practice Book 61-11e is unconstitutional to the extent that it grants the state court of Connecticut the authority to terminate prospectively all of Plaintiff's future automatic appellate stay from a single final judgment.

(2) Injunction against Practice Book 61-11e being applied prospectively to all future automatic appellate stays.

(3) Reinstatement of Plaintiff's future automatic appellate stays.

(4) Such other and further relief as this court may deem just and proper.

## CLAIMS RESERVED

Plaintiff reserves all claims against non-parties that are not designated as Defendants in this action and reserves the right to join all Jane and John Does of the Connecticut Supreme Court who participated in the decision on Plaintiff's Writ of Prohibition and/or Mandamus, allowing the Plaintiff to discover all relevant facts and claims against non-parties and John and Jane Does.

*Respectfully Submitted, for*

**Fabiola Is Ra El Bey**

All Rights Reserved - Without Prejudice

By: *Fabiola Is Ra El*

Fabiola Is Ra El Bey, *In Propria Persona,* Sui Juris

203-873-1334

Fabisbey@gmail.com

## VERIFICATION

Pursuant to 28 USC 1746, I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing complaint is true and correct.

Executed on March 7, 2019

By: *Fabiola Is Ra El*

**Fabiola Is Ra El Bey**, *Sui Juris,* Natural Woman

35