# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FABIOLA IS RA EL BEY, | ) | CIVIL NO. 3:19-CV-336 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THE HONORABLE JUDGE BARBARA | ) | March 8, 2019 |
| BELLIS, *et al.*, | ) | |
| *Defendants.* | | |

## MEMORANDUM OF DECISION RE:
## MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 2)

Kari A. Dooley, United States District Judge

The Motion for Temporary Restraining Order (ECF No. 2) is DENIED.

The Plaintiff has not met the prerequisites for the issuance of a temporary restraining order without notice under Fed. R. Civ. P. 65(b)(1)(A). Specifically, each named defendant is alleged to have been acting in an official capacity as a judge of the superior or appellate court of the State of Connecticut. It appears therefore that each is entitled to absolute judicial immunity. "Judges are absolutely immune from liability for judicial acts[.]" *Bliven v. Hunt*, 418 F.Supp.2d 135, 137 (E.D.N.Y. 2005) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967)); *see also Bey v. Kravitz*, No. 3:10-cv-00940-JBA (D. Conn. Feb. 15, 2011), *aff'd,* No. 11-678 (2d Cir. Jul. 5, 2011), *cert. denied,* 565 U.S. 964 (2011) (same).

Further, the Plaintiff's allegations and request for relief appear to implicate both the *Rooker-Feldman* abstention doctrine as well as the *Younger* abstention doctrine. Under the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, (1923). A claim is barred

under the *Rooker–Feldman* doctrine when (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Similarly, *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The Supreme Court instructs that "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Id.* at 432 (internal quotations and citations omitted).

Nor has the Plaintiff certified any efforts made to give notice to the Defendants of this requested relief or the reasons as to why such notice should not be required under the circumstances as mandated under Fed. R. Civ. P. 65(b)(1)(B).

For all of the foregoing reasons, the Plaintiff's Motion for Temporary Restraining Order is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of March 2019.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE